# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 3:45 pm, Apr 11, 2017

ANDRIQUE SMITH,           )
                          )
      Movant,         )
                          )
v.                     )           CV617-047
                          )           CR608-030
UNITED STATES OF AMERICA, )
                          )
      Respondent.     )

# REPORT AND RECOMMENDATION

Guilty-plea convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), Andrique Smith seeks to exploit the Supreme Court's decision in *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243 (2016),[1] to neutralize his enhanced sentence. Doc. 85;[2] *see also* docs. 1 (indictment), 53 (plea agreement), 55 (judgement for 200 months' imprisonment), & 74 (mandate of Eleventh Circuit affirming conviction and sentence). He believes that *Mathis* "may" affect the

---

[1]   *Mathis* elucidated the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), to explain how courts must divine whether a criminal defendant's prior convictions counted as "violent felonies" under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B).

[2]   The Court is citing to the criminal docket in CR608-030 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Sentencing Guidelines-based enhancement of his sentence. Docs. 85 at 5 & 12; 85-1 at 2-3 (arguing that his "several prior convictions" for violations of O.C.G.A. § 16-13-30(a) -- admittedly "controlled substance offense[s] as defined by § 4B1.2" of the Sentencing Guidelines -- are no longer considered enhancement-triggering offenses post-*Mathis*). His motion must be denied per **preliminary § 2255 Rule 4 review.**

Smith was sentenced as a "career offender" under the Sentencing Guidelines -- *not* the ACCA. Presentence Investigative Report at ¶ 27 (determining he qualified as a "career offender" under U.S.S.G. § 4B1.1 based on four felony controlled substances offenses and three felony crimes of violence).[3] And *Johnson*, which invalidated the ACCA residual clause, *does not* extend to the identical language of the Sentencing Guidelines' residual clause. *Beckles v. United States*, __ U.S. __, 2017 WL 855781 (Mar. 6, 2017); *see also United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (same). Thus, *Mathis* (which clarified the proper approach to be utilized in evaluating predicate

---

[3]  *See* PSR at ¶¶ 37 (aggravated assault), 39 (possession with intent to distribute marijuana and cocaine), 41 (robbery by force), 42 (possession with intent to distribute marijuana), 43 (aggravated assault), 44 (possession with intent to distribute cocaine) & 48 (possession with intent to distribute marijuana); *see also* doc. 55 (enhanced sentence for 200 months' incarceration).

crimes of conviction for *ACCA*-enhancements) has zero impact on movant's sentencing. Smith has no claim for relief.

Finally, Smith asks that the Court appoint counsel because he "has no legal experience or education" and "doesn't have the ability to properly present his claims in this Court as would a professional trained and experienced attorney." Doc. 86 at 2. The Rules Governing § 2255 Cases provide that appointment of counsel is proper if an evidentiary hearing is needed or if certain discovery is required, provided that the movant qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). Movant has demonstrated his ability to file appropriate pleadings seeking § 2255 relief, and neither an evidentiary hearing nor discovery is warranted. *Jones v. United States*, 2016 WL 3476429 at *4 n. 5 (S.D. Ga. June 21, 2016), *adopted*, 2016 WL 4472973 (S.D. Ga. Aug. 24, 2016); *Bing v. United States*, 2015 WL 4092699 at * 3 (S.D. Ga. July 6, 2015), *adopted*, 2015 WL 675168 (S.D. Ga. Nov. 4, 2015). Movant's application for appointment of counsel, doc. 86, is therefore **DENIED**.

In summary, Andrique Smith's 28 U.S.C. § 2255 motion should be **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly,

no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." **Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.**

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __11th__ day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA